**Reversed and Remanded and Opinion filed June 5, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00892-CV

---

## HARSADBHAI PATEL AND DHARMISHTHA PATEL, Appellants

### V.

## HARRIS COUNTY APPRAISAL DISTRICT AND THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT, Appellees

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2010-68741**

---

## O P I N I O N

This case involves important issues regarding the rights and remedies of property owners who challenge the appraised value of real property for property-tax purposes. The property owners in today's case protested before the appraisal

review board the appraised value of their real property. Following a contested hearing, the appraisal review board concluded that the appraisal for the tax year at issue was incorrect and ordered that the market and appraised value be lowered substantially to a value that the property owners' agent opined was the property's value in a document filed with the appraisal review board. Despite this reduction in the market and appraised value of their property, the property owners timely appealed the order of the appraisal review board to the district court. In reviewing the summary judgment in favor of the appraisal district, we consider whether the doctrine of judicial estoppel precluded the property owners from asserting on appeal in the district court that the appraised value of the property should be less than the value mentioned in the statement of the property owners' agent. We conclude that the district court had jurisdiction over the appeal, and that the property owners have standing to appeal and exhausted their administrative remedies. Because the summary-judgment evidence does not prove as a matter of law that the appraisal district was entitled to summary judgment based on judicial estoppel, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellants/plaintiffs Harsadbhai Patel and Dharmishtha Patel own real property with improvements, including a residence, in Harris County, Texas ("Property"). For the 2010 tax year, appellee/defendant Harris County Appraisal District (the "Appraisal District") determined that the market value of the Property was $2,132,414 and that the appraised value was $2,078,655. Though the record does not contain a copy of the Patels' notice of protest, the record reflects that the Patels timely filed a notice of protest with the Appraisal Review Board of the

2

Harris County Appraisal District (the "Review Board"), in which the Patels protested that the appraised value was greater than the market value and that the appraised value was unequal compared with other properties.

The summary-judgment evidence contains a document entitled "Hearing Affidavit," which, according to its terms, was signed by the Patels' designated property-tax agent (the "Agent") shortly before the formal hearing on the Patels' protest before the Review Board (the "Formal Hearing"). In the Hearing Affidavit, the Agent states that his "opinion of value for this property is [] $1,911,490." Following a contested Formal Hearing on the Patels' protest, the Review Board issued an order in which it determined that the appraisal of the Property was incorrect. The Review Board determined that the market value of the Property and the appraised value of the Property for the 2010 tax year each should be $1,911,490 (the "Reduced Value"), and ordered the appraisal records changed accordingly.[1]

Despite the substantial reduction in the market value and appraised value of the property ordered by the Review Board, the Patels timely appealed the Review Board's order determining their protest by filing a petition for review in the district court within sixty days after they received notice of the entry of the Review Board's final order. In their petition, the Patels alleged that the Property is excessively appraised and unequally appraised, and the Patels sought the remedies provided under Tax Code sections 42.25, entitled "Remedy for Excessive Appraisal" and 42.26. entitled "Remedy for Unequal Appraisal."

---

[1]Neither the summary-judgment record nor our appellate record contains any record of the proceedings during the Formal Hearing or the evidence offered during that hearing. Nonetheless, the record reflects that the hearing was contested and that the Patels and the Appraisal District did not agree regarding the market value or appraised value of the Property.

The Appraisal District answered and moved the district court to dismiss for lack of subject-matter jurisdiction. The trial court denied that motion. The Appraisal District then filed a traditional motion for summary judgment on its defense of judicial estoppel. The only summary-judgment evidence tendered by the Appraisal District was (1) the Patels' appointment of property-tax agent, (2) the Hearing Affidavit described above, and (3) the Review Board's final order. The sole summary-judgment ground asserted by the Appraisal District was that the summary-judgment evidence conclusively proves that the doctrine of judicial estoppel precludes the Patels from asserting on appeal that the appraised value of the Property should be less than the Reduced Value. The Appraisal District based its judicial-estoppel defense on the Agent's statement of his opinion of the Property's value in the Hearing Affidavit. The Appraisal District asserted that this statement was a sworn statement in a prior proceeding which is inconsistent with the Patels' position in the district court that the Reduced Value is excessive and unequal. The trial court granted summary judgment and dismissed the Patels' appeal with prejudice. The Patels have timely appealed to this court.

## II. ISSUES AND ANALYSIS

On appeal, the Appraisal District asserts that the trial court lacked subject-matter jurisdiction over this case because (1) Texas statutes do not allow property owners who successfully protest the valuation of their real property before an appraisal review board to appeal to the district court; (2) the Patels lack standing to challenge or appeal the Review Board's order; and (3) to the extent the Patels

4

claim that the market value or appraised value of the Property should be lower than the Reduced Value, the Patels have not exhausted their administrative remedies.[2]

The Patels present three appellate issues: (1) whether the trial court erred in granting the Appraisal District's summary-judgment motion, (2) whether the trial court erred in applying judicial estoppel to a statutory claim, and (3) whether the trial court erred in considering the Hearing Affidavit over the Patels' objections to this summary-judgment evidence.

## A.     What does the Hearing Affidavit contain?

Before analyzing the legal issues, we discuss what is contained in the Hearing Affidavit, the meaning and contents of which are relevant to several issues in this appeal. Underneath the title to this one-page form document is a heading that contains the following information: the tax year, the Property's Appraisal District account number, the agent number and company name for the Agent, and the recitations "The State of Texas," "County of Harris," and "Before the Harris County Appraisal Review Board." Beneath this information are three sections. The first deals with the property owners or their agent. The second addresses the representative of the Appraisal District, and the third deals with the members of the Review Board. The first section, which is the part most relevant to the issues in today's appeal, contains the following text above spaces for the signature of the property owners or their agent, printed name, and date:

---

[2] If the trial court lacked subject-matter jurisdiction over this case, then this court would lack subject-matter jurisdiction over the appeal, so we must inquire into these jurisdictional issues.

**This Section Must Be Completed By Property Owners and Agents Before the Hearing**.

I do solemnly swear or affirm that the testimony I *shall* present to the Appraisal Review Board for the Harris County Appraisal District is true and correct.

I acknowledge that I have been offered the opportunity to inspect and obtain copies of evidence the chief appraiser intends to submit, information the chief appraiser considered but did not use, and a reasonable number of comparable sales.

I further swear or affirm that I am owner of the reference[d] property or that I am authorized to appear and testify at this hearing on the referenced account.

I further swear or affirm that I [ ]have  [x]have not been employed by Harris County Appraisal District within the last three years.

[x]  This property was purchased or sold within the last year.

[ ]This property is currently listed for sale.

My opinion of value for this property is$[sic]$1,911,490[.][3]

(emphasis added). Neither the summary-judgment evidence nor our appellate record contains a record of what transpired at the Formal Hearing.  Thus, we have no way of knowing what the Patels or the Appraisal District argued at that hearing or what evidence, if any, they offered.  The unambiguous language of the Hearing Affidavit reflects that the Agent signed the Hearing Affidavit before the Formal Hearing, and there is no evidence in our record showing that the Agent signed the affidavit during or after the Formal Hearing.  Consequently, on the record before

---

[3] In the second section, the representative of the Appraisal District signs and solemnly swears or affirms that the testimony the representative will present to the Review Board is true and correct. In the third section, each member of the Review Board signs and swears or affirms that the member has not communicated with another person about the evidence, arguments, facts, merits, or any other matters related to the protest, nor has the member communicated with another person about the Property, with certain exceptions.

us, we do not know what evidence or arguments were presented to the Review Board during the Formal Hearing.

The Appraisal District states in its appellate brief that there was sworn testimony by the Agent at the Formal Hearing that the value of the Property was the Reduced Value. But, the only evidence upon which the Appraisal District relies to support this proposition is the Hearing Affidavit, which does not contain any testimony by the Agent at the Formal Hearing. In addition, the agent's opinion of the Property's value is not sworn. The Hearing Affidavit form document does not contain any general statement that the property owners or their agent swear or affirm that all of these statements are true and correct. In the Hearing Affidavit, the Agent swears or affirms (1) that the testimony the Agent *shall* present at the Final Hearing is true and correct, (2) that the Agent is the owner of the Property or is authorized to appear and testify at the Final Hearing, and (3) that the Agent has not been employed by the Appraisal District within the last three years. Under the unambiguous language of the Hearing Affidavit, the Agent does not swear or affirm as to the remaining statements, including the Agent's opinion of the Property's value. For the purposes of our analysis, we presume for the sake of argument that the Review Board reviewed the Agent's unsworn statement as to the Agent's opinion of the Property's value and considered this statement in determining the Patels' protest. Even under this presumption, we do not know what evidence or arguments were presented during the Formal Hearing.

## B. Does the Tax Code allow the property owners to appeal the order of the appraisal review board?

The Appraisal District suggests that, though the Tax Code allows a property owner who is unsuccessful in a protest before an appraisal review board to appeal

7

to the district court for review by trial de novo, the Tax Code does not provide for an appeal to the district court by a property owner who is successful in a protest before an appraisal review board. Thus, we examine the applicable provisions of the Tax Code and the Patels' protest and appeal to determine whether the Tax Code allows the Patels to appeal to the district court.

In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.*

The appraised value of the Property required by law for a particular tax year is the market value of the Property as of January 1 of that year. *See* Tex. Tax Code Ann. § 23.01(a) (West 2014); *Atascosa County Appraisal Dist. v. Tymrak*, 858 S.W.2d 335, 336 (Tex. 1993); *Harris County Appraisal Dist. v. United Investors Realty Trust*, 47 S.W.3d 648, 650 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The Patels were entitled to protest before the Review Board that the appraised value of the Property for the 2010 tax year exceeded the market value of the Property as of January 1, 2010, and that the Property was appraised unequally. *See* Tex. Tax Code Ann. § 41.41(a) (West 2014). In their timely filed notice of protest with the Review Board, the Patels protested that the appraised value of the

8

Property was greater than the market value of the Property as of January 1, 2010, and that the Property was appraised unequally.[4]

After the Formal Hearing, the Review Board determined that both the market value of the Propertyas of January 1, 2010, and the appraised value of the Property for the 2010 tax year should be lowered to the Reduced Value. The Review Board issued a final order to this effect. The Tax Code provides that "[a] property owner is entitled to appeal . . . an order of the appraisal review board determining . . . a protest by the property owner as provided by Subchapter C of Chapter 41." Tex. Tax Code Ann. § 42.01(a) (West 2014). To file such an appeal, a property owner must file a petition for review with the district court within sixty days after the property owner received notice that such an order of theappraisal review boardhad been entered.*See* Tex. Tax Code Ann. § 42.21(a) (West 2014). This court has characterized the property owners who have a right to appeal to the district court under section 42.01 as property owners who are "dissatisfied by the determination of the appraisal review board following the protest hearing." *Appraisal Review Board of Harris County Appraisal Dist. v. Spencer Square, Ltd.*, 252 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Review in the district court is de novo, and the district court must try all issues of fact and law raised by the pleadings in the district court in the manner applicable to civil suits generally. *See* Tex. Tax Code Ann. § 42.23(a) (West 2014). If a property owner protested the property's appraised value before the appraisal review board, then this trial de novo on appeal in the district court allows

---

[4] This protest is reflected by the order of the Review Board. In addition, in their petition in the district court, the Patels alleged that they protested before the Review Board that the Property was excessively appraised and unequally appraised, and the Appraisal District has presented no evidence that the Patels did not protest these matters before the Review Board.

any party to put on evidence regarding the property's appraised value as determined in accordance with the requirements of law, even if that evidence was not presented to the appraisal review board. *See id.*§§ 42.23(a), 42.24 (West 2014);*PR Investments v. State of Texas*,251 S.W.3d 472, 476 (Tex. 2008) (concluding that a trial de novo conducted in the same manner as in other civil cases is not limited to the same evidence that was presented in prior administrative proceedings); *Harris County Appraisal Dist. v. ETC Marketing, Ltd*., 399 S.W.3d 364, 372 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (noting that a trial de novo on appeal from the appraisal review board's determination of appraised value allows each party to put on new evidence of value). Following such a trial de novo, the district court has the power to determine the appraised value of the property in accordance with the requirements of law, and the district court may determine that this value is either lower or higher than the appraised value determined by the appraisal review board, regardless of whether the appraisal district has appealed. *See* Tex. Tax Code Ann. § 42.24;*Cherokee Water Co. v. Gregg County Appraisal Dist*., 801 S.W.2d 872, 877 (Tex. 1990). Thus, by appealing to the district court, a property owner incurs additional transaction costs and runs the risk that the appraised value may actually be raised as a result of the appeal to the district court.*See* Tex. Tax Code Ann. § 42.24; *Cherokee Water Co.*, 801 S.W.2d at 877.

A property owner is entitled to appeal an order of the appraisal review board determining a protest by the property owner under Subchapter C of Chapter 41.[5]Tex. Tax Code Ann. § 42.01(a). To give effect to section 1.111(e), a property owner is not entitled to appeal an order of theappraisal review board if the review

---

[5] Unless otherwise specified, all statutory references herein are to the Texas Tax Code.

board's determination is based on an agreement between the property owner or the owner's agent and the chief appraiser or the chief appraiser's representative. *See id.* § 1.111(e) (West 2014) (stating that "[a]n agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter . . . which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board"); *KM TS Spring Cypress L.L.C.v. Harris County Appraisal Dist.*, No. 14-09-00978-CV, 2010 WL 3921126, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 7, 2010, pet. denied) (holding that district court lacked subject-matter jurisdiction over property owner's attempt to appeal under section 42.01 because during the hearing on the property owner's protest before the appraisal review board, an agreement under section 1.111(e) was reached and the appraisal review board's order gave effect to this agreement)(per curiam, mem, op.).

The record reflects that the Patels did not enter into a section 1.111(e) agreement that would deprive the district court of jurisdiction over an appeal under section 42.01.[6]*See* Tex. Tax Code Ann. § 1.111(e); *KM TS Spring Cypress L.L.C.*, 2010 WL 3921126, at *1–2. The Patels are property owners who timely filed a petition for review in the district court seeking appellate review by trial de novo of the Review Board's final order determining their protest under Subchapter C, Chapter 41. Under the unambiguous language of section 42.01, the Patels were entitled to prosecute such an appeal. *See* Tex. Tax Code Ann. § 42.01(a); *KM TS Spring Cypress L.L.C.*, 2010 WL 3921126, at *1–2 (noting that under section 42.01, a property owner is entitled to appeal an order of the appraisal review board

---

[6] This lack of agreement is reflected by the order of the Review Board. In addition, in their petition in the district court, the Patels alleged that they did not reach any such agreement, and the Appraisal District has not argued or presented evidence to the contrary.

determining a protest by the property owner, but that a property owner may not do so if the appraisal review board's order was based on an agreement under section 1.111(e));*G.E. American Comm'n v. Galveston Central Appraisal Dist.*, 979 S.W.2d 761, 763 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (noting that "if [a property owner] is dissatisfied with the decision of the appraisal review board, the property owner is authorized to appeal by a trial de novo in the district court").

The Appraisal District suggests that the Tax Code does not provide for an appeal to the district court by a property owner who is successful in a protest before an appraisal review board. The Appraisal District, however, cites no case that supports this proposition. Section 42.01 contains no language that supports this argument, and there is no statute analogous to section 1.111(e) providing that an order of an appraisal review board is final if the appraisal review board fixes the appraised value based on an opinion of value offered by the property owner. Furthermore, neither the Hearing Affidavit nor anything else in our record reflects that the Patels limited their protest regarding excessive appraisal or unequal appraisal to a single request that the appraised value be lowered to the Reduced Value. Even presuming that the Review Board considered the Agent's unsworn statement that his opinion of the Property's value was the Reduced Value, the Agent did not specify whether this opinion addressed market value, appraised value, or some other value, and the Agent did not expressly address the Patels' protest that the Property was unequally appraised. We do not know what evidence or arguments were presented during the Formal Hearing. Thus, on this record, we cannot conclude that the Patels were completely successful in in their protest before the Review Board that the Property's appraised value was greater than the

12

market value and that the appraised value was unequal compared with other properties.

The Appraisal District notes that "[t]he intent of the administrative review process is to resolve the majority of tax protests at [the administrative] level, thereby relieving the burden on the court system." *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990). The Appraisal District asserts that providing a right to appeal to property owners who prevailed at the administrative level would defeat this intent and would waste the district court's resources.But, this court must give effect to the Tax Code's unambiguous language; it is not this court's function to question the wisdom of this statute or to seek to rewrite it based upon a different view of public policy.*See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex. 2000);*Lee v. City of Houston*, 807 S.W.2d 290, 293 (Tex. 1991). The Legislature could have, but has not, promulgated a statute precluding a property owner from appealing to the district court if the appraisal review board fixed the appraised value based on an opinion of value offered by the property owner. In addition, the current system for challenging property-tax appraisals has been in effect for more than thirty years, and the two cases decided by this court today appear to be the first two cases addressing whether such an owner has the right to appeal.[7] The system chosen by the Legislature provides for a review by trial de novo in the district court. Any system providing for a trial de novo in the district court may be subject to the criticism that it is wasteful of the district court's resources, but that is the system that the Legislature chose. Furthermore, a property owner who chooses to appeal to the district court even though the appraised value has been substantially lowered

---

[7] The same issue is addressed today by this court in *Curry v. Harris County Appraisal District*, Cause No. 14-12-00898-CV.

13

by the appraisal review board incurs the substantial transaction costs of prosecuting a civil case in the district court and runs the risk that the appraised value may remain the same or even be raised as a result of the appeal to the district court. *See* Tex. Tax Code Ann. § 42.24; *Cherokee Water Co.*, 801 S.W.2d at 877.  A property owner who appeals to the district court is entitled to recover attorney's fees only if the owner prevails on appeal. *See* Tex. Tax Code Ann. § 42.29 (West 2014).  Thus, the Tax Code enacted by the Legislature contains significant incentives for property owners to resolve their tax protests at the administrative level, despite the availability of an appeal to property owners in the Patels' situation.

For the foregoing reasons, we conclude that the Patels were entitled to appeal to the district court for review by trial de novo of the Review Board's final order.

**C.    Do the property owners have standing to appeal the appraisal review board's order to the district court?**

The Appraisal District also asserts that the Patels lack standing to appeal the the Review Board's order to the district court because: (1) the Patels were not aggrieved by, nor suffered any injury from, this order; and (2) there is no controversy between the Appraisal District and the Patels.  In considering the issue of standing, courts focus on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome.  *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).  A plaintiff has standing when it is personally aggrieved.  *Id.*  The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought.  *Id.* at 849.

14

The record reflects that the Patels are the owners of the Property and that they have a justiciable interest in the amount of property taxes that they must pay based on their ownership of the Property. In their petition in the district court, the Patels allege that, even after the Review Board lowered the market value and appraised value, the Property is unequally appraised and excessively appraised, and the Patels ask the district court to fix the market value of the Property as of January 1, 2010, at a value below the Reduced Value. In its answer, the Appraisal District denies these allegations, and asserts that the Patels are not entitled to the relief they seek. The Appraisal District asserts that the market value and appraised value of the Property determined by the Review Board should not be changed. Thus, there is a real controversy between the parties that actually will be determined by the proceedings in the district court. *See Anambra State Community in Houston, Inc. v. Ulasi*, 412 S.W.3d 786, 791–92 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

According to the Appraisal District, the Patels protested that the market value and appraised value of the Property should be lowered to the Reduced Value, the Review Board granted this relief, and the Appraisal District is not contesting the Patels' entitlement to this relief. Therefore, the Appraisal District asserts the Patels were not aggrieved by the Review Board's order and there is no controversy between the parties. As discussed in the previous section, we do not know what evidence or arguments were presented during the Formal Hearing, and nothing in our record reflects that the Patels limited their protest regarding excessive appraisal or unequal appraisal to a single request that the appraised value be lowered to the Reduced Value.Thus, on this record, we cannot conclude that the Patels received

the greatest possible relief that they could have received based on their protest before the Review Board.

For the foregoing reasons, we conclude that the Patels have standing to appeal the Review Board's order to the district court. *See Anambra State Community in Houston, Inc.*, 412 S.W.3d at 791–92; *Smalley v. Smalley*, 399 S.W.3d 631, 636 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## D.    Have the property owners exhausted their administrative remedies?

The Appraisal District asserts that, to the extent the Patels claim that the market value or appraised value of the Property should be lower than the Reduced Value, the Patels have not exhausted their administrative remedies before the Review Board. With certain limited exceptions that do not apply in today's case, the procedures prescribed by Title 1 of the Tax Code for adjudication of the grounds of protest authorized by this title are exclusive. *See* Tex. Tax Code Ann. § 42.09 (West 2014).Though review on appeal in the district court is by trial de novo, a property owner's failure to protest a ground of protest before the appraisal review board deprives the district court of jurisdiction because the property owner has failed to exhaust administrative remedies as to that ground. *See ETC Marketing, Ltd.*, 399 S.W.3d at 371–72. Nonetheless, the Tax Code defines the ground of protest regarding appraised value broadly as a protest of the appraisal district's "determination of the appraised value of the owner's property." Tex. Tax Code Ann. § 41.41(a)(1). *See id*. § 41.44(d) (West 2014) (stating that "[a] notice of protest is sufficient if it identifies the protesting property owner, . . . identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office"); *ETC Marketing, Ltd.*, 399 S.W.3d at 371–72 (indicating that the threshold for exhausting administrative

16

remedies as to issues regarding appraised value is low);*Koll Bren Fund VI, LP v. Harris County Appraisal Dist.*, No. 01-07-003210-CV, 2008 WL 525799, at *3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied) (stating that section 41.41(a)(1) recognizes the right of a property owner to a determination of the appraised value of the owner's property) (mem. op.). Indeed, the Appraisal District indicated in argument in a prior case in this court that a protest that the appraised value exceeded the market value of the property would be sufficient to exhaust administrative remedies as to a claim that the property was unequally appraised. *See ETC Marketing, Ltd.*, 399 S.W.3d at 372.

As noted, we do not know what evidence or arguments were presented during the Formal Hearing, and nothing in our record reflects that the Patels limited their protest regarding excessive appraisal or unequal appraisal to a single request that the appraised value be lowered to the Reduced Value. The record does reflect that the Patels timely filed a notice of protest with the Review Board, in which the Patels protested that the appraised value was greater than the market value and that the appraised value was unequal compared with other properties. We conclude that the Patels have exhausted their administrative remedies. *See id.*

We have rejected all of the Appraisal District's jurisdictional challenges. We conclude that the trial court had jurisdiction over the appeal in the district court and that this court has jurisdiction over this appeal.[8] Accordingly, we now address the Patels' challenge to the trial court's summary judgment.

_____

[8]Having concluded that the trial court had jurisdiction over the appeal in the district court and that this court has jurisdiction over this appeal for the reasons stated above, we need not and do not address whether section 42.21(h) applies to the case under review or whether it provides a basis for concluding that the trial court had jurisdiction. *See* Act of May 24, 2013, 83rd Leg.,

17

**E.     Does the summary-judgment evidence conclusively prove that the appraisal district is entitled to summary judgment as a matter of law?**

In their first issue, the Patels assert that the trial court erred in granting the Appraisal District's summary-judgment motion.  The only summary-judgment ground asserted in this motion was that the summary-judgment evidence conclusively proves that the doctrine of judicial estoppel precludes the Patels from asserting on appeal that the appraised value of the Property should be less than the Reduced Value.  Thus, this court may affirm the trial court's summary judgment only if this ground has merit.  *See Stiles v. Resolution Trust Corp.*, 867 S.W.3d 24, 26 (Tex. 1993).

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish his right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).  In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

---

R.S., ch. 1259, §25, 2013 Tex. Sess. Law Serv. 3183, 3193 (codified at Tex. Tax Code Ann. § 42.21(h) (West 2014)).

The doctrine of judicial estoppel bars a party who has successfully maintained a position in a prior judicial proceeding from later adopting an inconsistent position unless the party can show that the prior statement was made inadvertently due to mistake, fraud, or duress. *Graves v. Tomlinson*, 329 S.W.3d 128, 138 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). This doctrine upholds the sanctity of the oath and targets the prejudice that would result to the administration of justice if a litigant were allowed to swear one way in one proceeding and a different way in a subsequent proceeding. *See id*. Judicial estoppel applies when (1) a sworn, prior inconsistent statement was made in a judicial proceeding; (2) the party now sought to be estopped successfully maintained the prior position; (3) the prior inconsistent statement was not made inadvertently or because of mistake, fraud, or duress; and (4) the statement was deliberate, clear, and unequivocal. *Id*. Judicial estoppel does not apply to a contradictory position taken in the same proceeding; it comes into play only in a subsequent action. *Id*. Our court has held that an appeal in the same case is not a subsequent action to which judicial estoppel applies. *See id*.

This court has concluded that judicial estoppel does not apply on appeal in this court regarding allegedly contradictory statements made in the trial court, because the statements were made in the same proceeding for the purposes of the judicial-estoppel doctrine. *See id*.; *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 397 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd). Each of these cases involved an appeal in this court in which the lower court's fact findings were reviewed under a deferential standard; these cases did not involve appeals in which review was by trial de novo, as was the case in the district court below. *See Graves*, 329 S.W.3d at 138–39; *Vinson & Elkins*, 946 S.W.2d at 411–13. Nonetheless, this court has concluded that statements in a lower court may not

be used as a basis for judicial estoppel on appeal from a judgment in the lower court. An appeal in which review is by trial de novo is even more closely connected with the lower court proceedings than an appeal in which the court defers to the lower court's fact findings. Under precedent from this court, for judicial-estoppel purposes, the Hearing Affidavit was a part of the proceedings before the Review Board, which are part of the same proceeding as the appeal in the district court. *See Graves*, 329 S.W.3d at 138; *Vinson & Elkins*, 946 S.W.2d at 396–97. Therefore, any statement in the Hearing Affidavit cannot be a basis for application of the judicial-estoppel doctrine in the district court, and the trial court erred in granting summary judgment based on judicial estoppel.*See Graves*, 329 S.W.3d at 138; *Vinson & Elkins*, 946 S.W.2d at 396–97.

In addition, as discussed in Section II.A. above, the statement upon which the Appraisal District relies as the basis for its judicial-estoppel defense is not a sworn statement. For this reason as well, this statement cannot be a basis for application of the judicial-estoppel doctrine. *See Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 25 S.W.3d 863, 871–72 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that a statement could not be a basis for application of the judicial-estoppel doctrine because it was not sworn); *Vinson & Elkins*, 946 S.W.2d at 396 (holding that statement by party's attorney could not be a basis for application of the judicial-estoppel doctrine because it was not sworn).

The Appraisal District relies upon the Fifth Court of Appeals's opinion in *Webb v. City of Dallas*. *See* 211 S.W.3d 808, 820 (Tex. App.—Dallas 2006, pet. denied). In that opinion, the court relied on judicial estoppel as an additional basis for its decision. *See id*. The statement upon which the *Webb* court relied was an unsworn statement in the proceedings before the administrative law

judge that were appealed to the district court and then to the court of appeals. *See id.* This part of the *Webb* opinion conflicts with the precedent of this court; therefore, we do not follow it. *Compare Webb*, 211 S.W.3d at 820, *withGraves*, 329 S.W.3d at 138; *Spera*, 25 S.W.3d at 871–72; *Vinson & Elkins*, 946 S.W.2d at 396–97. *See also Chase Home Fin., L.L.C. v. Cal. W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that "[a]bsent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court").

The summary-judgment evidence did not conclusively prove that the Appraisal District was entitled to judgment as a matter of law based upon the doctrine of judicial estoppel. Accordingly, we sustain the Patels' first issue, and reverse and remand.[9]

### III. CONCLUSION

The Tax Code allows the Patels to appeal the order of the Review Board on their protest to the district court for review by trial de novo. The Patels have standing to appeal this order to the district court, and they have exhausted their administrative remedies. Under this court's precedent, any statement in the Hearing Affidavit cannot be a basis for application of the judicial-estoppel doctrine in the district court, and the trial court erred in granting the Appraisal

---

[9] We need not and do not address the Patels' second or third issues.

District's summary-judgment motion. Therefore, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.