# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00596-CV

---

**Paul Johnson, Appellant**

**v.**

**Bastrop Central Appraisal District, Appellee**

---

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 989-21, THE HONORABLE J. D. LANGLEY, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Paul Johnson filed a lawsuit challenging the Bastrop Central Appraisal District's (BCAD) determination that his property did not qualify for an open-space appraisal. *See* Tex. Tax Code § 23.51(1) (defining "qualified open-space land"). The trial court granted BCAD's combined summary-judgment motion and plea to the jurisdiction, and Johnson appeals. For the following reasons, we affirm the trial court's judgment.

### BACKGROUND

In 2018, Johnson applied for an open-space appraisal for his three contiguous tracts of land, totaling 19.78 acres (the Properties), based on the grazing of seven horses. BCAD denied his application. Johnson timely filed a protest with BCAD's Appraisal Review Board (ARB). *See id.* § 41.41(a)(5) (authorizing protest for determination that property does not qualify for appraisal as provided by Chapter 23). On his "Notice of Protest" form, reproduced in

part below, Johnson checked only one box next to the "reason for protest": "Ag-use, open-space or other special appraisal was denied, modified or cancelled." He did not check the box corresponding to "Incorrect appraised (market) value."

The ARB affirmed BCAD's denial of the open-space application and determined that BCAD's appraised values for the Properties were correct and should not be changed.

Johnson then filed this lawsuit challenging the denial of his open-space application, and the trial court ordered the case to nonbinding arbitration. *See id.* § 42.225(a) (providing that trial court shall submit case to nonbinding arbitration on property owner's motion). The arbitrator determined that Johnson "should be entitled to an open-space valuation." BCAD disagreed with the arbitrator's nonbinding determination, and the case proceeded before the trial court. Johnson then filed a supplemental original petition, in which he added claims for attorney's fees, declaratory judgment, and the reduction of the Properties' appraised values by $275,244.75. BCAD filed the subject combined motion for summary judgment and plea to the jurisdiction and, after the trial court granted that motion, Johnson perfected this appeal.

2

**DISCUSSION**

In three issues, Johnson contends that the trial court erred in (1) granting BCAD's plea to the jurisdiction, (2) granting BCAD summary judgment, and (3) denying him an award of attorney's fees.[1]

*Plea to the jurisdiction*

Over five years after he filed his original petition, Johnson filed his original supplemental petition, in which he purported to add a claim that BCAD's appraised value of the Properties was "excessive." BCAD's plea to the jurisdiction was addressed solely to this purported new claim of excessive appraised value.[2] BCAD argued in its plea to the jurisdiction that Johnson did not exhaust his administrative remedies as to his claim for excessive appraised value because he did not raise it in his protest filed with the ARB. We agree.

A property owner's failure to protest an issue before the ARB deprives a trial court of jurisdiction to consider that issue. *Patel v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 803, 812–13 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Johnson's Notice of Protest clearly specified that he was protesting only the denial of his open-space appraisal, and he cites

---

[1] We need not address BCAD's jurisdictional argument in its appellee's brief that Johnson should have obtained permission from the local administrative judge to file this appeal because Johnson filed the underlying lawsuit well before he was declared a vexatious litigant, and appeals are not considered "new litigation" but a continuation of existing litigation. *See Serafine v. Crump*, 691 S.W.3d 917, 921–22 (Tex. 2024); *see also* Tex. Civ. Prac. & Rem. Code § 11.102 (requiring vexatious litigant to obtain local administrative judge's permission before filing "new litigation"). We also deny BCAD's request in its brief for Rule 45 sanctions. *See* Tex. R. App. P. 45.

[2] Within this same issue, Johnson contends that the trial court erred in granting BCAD's plea to the jurisdiction on his "declaratory judgment action." However, BCAD did not file its plea as to that claim but, rather, moved for summary judgment on Johnson's attempt to use the UDJA solely as a vehicle to recover attorney's fees. We therefore address Johnson's UDJA claim in the next section of our analysis reviewing the trial court's grant of BCAD's summary-judgment motion.

nothing else in the record supporting his contention that he exhausted his administrative remedies by timely raising before the ARB the issue of BCAD's allegedly "excessive" appraisal of the market value of the Properties. Accordingly, the trial court did not err in granting BCAD's plea to the jurisdiction on Johnson's claim that BCAD's appraised value of the Properties was excessive.

*Summary judgment*

Johnson argues that summary judgment for BCAD regarding his eligibility for an open-space appraisal was improper because there were genuine issues of material fact about whether the Properties met BCAD's requirements for that type of appraisal. He also contends that summary judgment for BCAD on his claim for declaratory judgment was improper because he was challenging not only his eligibility for an open-space appraisal but also BCAD's valuation of the Properties, which "justified" a claim under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011. The standards for summary judgments are well-established, *see* Tex. R. Civ. P. 166a(c), (i), and we review de novo the trial court's summary-judgment ruling, *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003).

*Open-space appraisal*

BCAD supported its summary-judgment motion on the issue of whether the Properties qualified for an open-space appraisal with citations to recent caselaw determining this same issue against Johnson and evidence including BCAD's Ag-use Qualification Manual (Manual), adopted in March 2018 by its Chief Appraiser. The Manual specifies minimum-acreage and minimum-animal requirements (collectively, "Intensity Requirements") for subject

4

land to qualify for an open-space appraisal, depending on the quality of the land. The Intensity Requirements require a minimum of 35 acres for property categorized as "Native Pasture Good" and 56 acres for "Native Pasture Average." It is undisputed that the Properties comprise only 19.87 acres of combined Native Pasture Good and Native Pasture Average.

To be eligible for open-space appraisal, Johnson had the burden to establish that (1) the Properties are "currently devoted principally to agricultural use," (2) the agricultural use was "to the degree of intensity generally accepted in the area," and (3) the Properties have "been devoted principally to agricultural use or to production of timber or forest products for five of the preceding seven years." *See* Tex. Tax Code § 23.51(1). The Chief Appraiser has the authority to create standards for assessing whether a property meets these criteria, including by promulgating degree-of-intensity requirements, such as the Intensity Requirements outlined in BCAD's Manual. *See Johnson v. Bastrop Cent. Appraisal Dist.*, No. 13-22-00031-CV, 2024 WL 269528, at *2, 4 (Tex. App.—Corpus Christi–Edinburg Jan. 25, 2024, pet. denied) (mem. op.) (*Johnson I*); *Moers v. Harris Cnty. Appraisal Dist.*, 469 S.W.3d 655, 663 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Degree-of-intensity requirements adopted by a Chief Appraiser are presumed to be valid and may not be overturned unless "the Chief Appraiser acted contrary to the authorizing statute." *See Moers*, 469 S.W.3d at 664.

Despite the unambiguous Intensity Requirements specified in the Manual, Johnson cites portions of the record that he claims either create a genuine issue of material fact about whether the Properties qualify or preclude summary judgment for BCAD. He first cites one sentence in isolation from the Manual: "A typical livestock operation to the degree of intensity generally accepted in this area, such as grazing cattle or livestock is seven (7) animal units year round." But Johnson's citation of this sentence ignores the almost immediate

5

subsequent language stating, "The following typical acreages for the different land categories listed below are intended to be used as general guidelines based upon typically [sic] stocking rates." Among the enumerated land categories are Native Pasture Good and Native Pasture Average, as noted above. This isolated sentence does not create a genuine issue of material fact or preclude summary judgment for BCAD.

Johnson next cites a comment BCAD made in a hearing before the trial court and a response BCAD filed to a discovery motion filed by Johnson. But again, Johnson is selective in his citation of those portions of the record and fails to provide the complete context. At the hearing, BCAD explained that in an interrogatory response it had informed Johnson that "his acreage is just too small to meet minimum acreage requirements but that the absolute minimum number of horses that he needed to meet the degree of intensity was seven." BCAD further explained at the hearing that it had provided Johnson, per his discovery request, with an interrogatory response specifying an intensity "ratio"—as depicted on page 10 of the Manual—based on the type of land at issue: Native Pasture Average requires 8 to 12 acres per animal unit, and Native Pasture Good requires 5 to 8 acres per animal unit. This statement is consistent with the Intensity Requirements in the Manual. Similarly, BCAD's full response to Johnson's discovery motion states that "by providing [to Johnson] the minimum number of horses that is needed to meet the . . . level of intensity standards, 7 horses, Defendant complied with this Court's Order of March 20, 2019." That statement does not mean that the only applicable Intensity Requirement is the number of animal units; it merely states that BCAD complied with a discovery order of the court. Neither of these record citations creates a genuine issue of material fact or precludes summary judgment for BCAD.

6

Johnson thirdly cites the arbitrator's assertion in his ruling that the Chief Appraiser was "imposing additional burdens in excess of the statute or guidelines promulgated by the Comptroller." But this nonbinding, advisory statement neither constitutes evidence creating a genuine issue of material fact on whether the Properties meet the Intensity Requirements nor preempts applicable caselaw establishing the opposite: the Chief Appraiser has the authority to promulgate guidelines such as those here. *See Johnson I*, 2024 WL 269528, at *2, 4; *Moers*, 469 S.W.3d at 664. The arbitrator's determination does not create a genuine issue of material fact or preclude summary judgment for BCAD.

Johnson next contends that BCAD's letter denying his application did not specifically mention the minimum-acreage component of the Intensity Requirements. *See* Tex. Tax Code § 23.57(d) (requiring appraisal district's notice denying application "must state and fully explain each reason the chief appraiser denied the application"). Yet the letter clearly stated, "[W]e do not feel that the above referenced property is currently devoted principally to agricultural use *to degree of intensity*." (Emphasis added.) The Manual unambiguously includes as part of the Intensity Requirements both minimum-acreage requirements, based on the quality of the land, and minimum number of livestock "units," and Johnson has not disputed that the Properties do not meet the minimum-acreage requirement. The denial letter neither creates a genuine issue of material fact about whether the Properties met the Intensity Requirements, nor does it preclude summary judgment for BCAD.

Johnson lastly argues that the primary case on which BCAD relied in its summary-judgment motion—*Johnson I*, 2024 WL 269528, at *2, 4—"was called into question" by this Court's recent opinion discussing another of Johnson's tax-appraisal cases: *Johnson v. Bastrop Cent. Appraisal Dist.*, No. 03-23-00354-CV, 2024 WL 3073766 (Tex. App.—Austin

7

June 21, 2024, pet. filed) (mem. op.) (*Johnson II*). But not only does *Johnson II* not mention *Johnson I*, it also does not address the validity of BCAD's Intensity Requirements but instead addresses the unrelated issue of the trial court's order declaring Johnson a vexatious litigant. *See id.* at \*6. We hold that Johnson has not identified any evidence creating a genuine issue of material fact on the question of whether the Properties met the Intensity Requirements, nor has he identified anything in the record or the law precluding BCAD's entitlement to summary judgment as a matter of law on the issue of Johnson's entitlement to an open-space appraisal.

### Declaratory judgment

In his supplemental original petition, Johnson for the first time requested under the UDJA a determination by the court "reducing the 2018 Tax appraisal value" of the Properties by over $275,000; a declaration that his open-space application "be granted"; and an award of attorney's fees. In its summary-judgment motion, BCAD argued that Johnson's claims under the UDJA are duplicative of his claims under Chapter 42 of the Tax Code and that he was attempting to use the UDJA as a mere vehicle to obtain attorney's fees. *See Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624–25 (Tex. 2011) (acknowledging that "simply repleading a claim as one for declaratory judgment cannot serve as a basis for attorney's fees" and that declaratory relief is improper when requested declarations "add nothing to what would be implicit or express in a final judgment for the other remedies sought in the same action"); *see also* Tex. Tax Code §§ 41.41 (providing property owner right to protest before ARB various actions taken by taxing authority, including appraised or market value of property and determination that land does not qualify for open-space appraisal), 42.01 (providing property owner right to appeal order of ARB determining "a protest by the property owner as provided by" Chapter 41), 42.21 (providing property owner right to appeal appraisal district's final order to district court).

BCAD correctly argued in its summary-judgment motion that the redundant-remedies doctrine prevents Johnson from obtaining a declaratory judgment (and attorney's fees under the UDJA) because he has a statutory remedy providing the same relief. *See Patel v. Texas Dep't of Licensing & Regul.*, 469 S.W.3d 69, 79 (Tex. 2015) ("Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels."); *Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.*, 212 S.W.3d 665, 669 (Tex. App.—Austin 2006, no pet.) ("When a statute provides an avenue for attacking an agency order, a declaratory judgment action will not lie to provide redundant remedies."). Because the Tax Code provides Johnson a remedy for the challenges he makes to BCAD's valuation of the Properties, he may not pursue a claim under the UDJA, and the trial court properly granted BCAD summary judgment on Johnson's UDJA claim.[3]

*Attorney's fees*

In his last issue, Johnson argues that Tax Code Section 42.225 mandates an award of attorney's fees because he prevailed in arbitration and the appraised value of the Properties "remained unchanged" following the litigation. That section provides,

> The court shall award the property owner reasonable attorney's fees if the trial was not requested by the property owner and the determination of the appeal results in an appraised value for the owner's property that is equal to or less than the appraised value under the arbitration award or finding.

---

[3] In his reply brief, Johnson rejoins that he is not seeking a redundant remedy because his declaratory-judgment claim is actually a request for the court to declare "the appropriate productivity value" for the Properties, an issue he contends the Tax Code does not address. However, he did not plead his declaratory-judgment claim in such a way, does not provide substantive argument explaining the term "productivity value," and does not cite any authority supporting his contention that "productivity value" is a concept that is relevant or determinative of the property taxes he owes.

Tex. Tax Code § 42.225(a).

Johnson misconstrues this provision because it does not provide for attorney's fees when the appraised value after litigation "remains unchanged or decreases" from that which *the ARB assigned*, but for when the appraised value after litigation is equal to or less than the appraised value that *the arbitrator* awarded or found to be correct. *See id.* Essentially, the provision shifts the burden of a property owner's attorney's fees to the appraisal district when the appraisal district fails to accept an arbitrator's award or findings and requires that the dispute nonetheless continue to trial, after which the trial court affirms or decreases the appraised value determined by the arbitrator. This is not what occurred here. Rather, the trial court determined, contrary to the arbitrator's finding, that the Property is not entitled to an open-space appraisal. Therefore, the appraised value after determination of the appeal by the trial court was *not* equal to or less than the appraised value under the arbitration award or finding but, rather, higher than such value. Section 42.225 therefore does not apply here. We overrule Johnson's final issue and hold that the trial court did not err in failing to award attorney's fees to Johnson.

## CONCLUSION

Having overruled Johnson's issues, we affirm the trial court's final judgment.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed: October 24, 2025

10